ALBERT W. MILLER, APPELLEE, V. CITY OF SCOTTSBLUFF, APPELLANT.

276 N. W. 158

FILED NOVEMBER 19, 1937. No. 30160.

*Straight Townsend,* for appellant.

*Mothersead & York, contra.*

Heard before GOSS, C. J., ROSE, EBERLY, DAY, PAINE and MESSMORE, JJ., and KROGER, District Judge.

KROGER, District Judge.

This is an appeal by the city from a judgment in favor of the holder of unpaid warrants issued for the construction of sewers.

Plaintiff in his petition alleged the creation of the sewer districts, the issuance of the warrants in payment of the construction costs, the levying of special assessments on the property benefited to cover the costs of construction, the presentation of the warrants for payment and their indorsement by the treasurer as presented for payment and not paid for want of funds. Plaintiff further alleged that the city had failed, neglected and refused to enforce payment of said special assessments, and that the assessments were not paid, and that the special assessments and

general taxes levied against the property specially benefited are in excess of the value of the real estate, and that the defendant city had wholly failed, neglected and refused to create a fund for the payment of the warrants.

To this petition the defendant city filed a general demurrer, which was overruled; and thereupon filed its answer admitting most of the allegations of plaintiff's petition, but denied that no fund had been created out of which said warrants could be paid and denied that the city had failed, neglected and refused to create a fund for the payment of said warrants.

The evidence was mostly stipulated and there is no conflict as to the facts. It discloses that the sewer districts in question were created in the years 1928 and 1929, and further discloses that, after the creation of the sewer districts, paving district No. 15 was created affecting a large portion of the property assessed for sewer benefits, as also some minor sidewalk and drainage assessments. It also discloses that practically no taxes of any kind, either general or special, have been paid since the creation of the sewer districts, and at the time of the trial the total due for taxes, both general and special, was in many instances more than twice the value of the real estate against which the assessment was levied.

The defendant city contends that when it levied the special assessments in an amount sufficient to retire the warrants, if and when the assessments were paid, the city had performed its full duty and that the warrants in question could not become a general obligation of the city because of the provisions of section 16-649, Comp. St. 1929, under authority of which the sewers were constructed.

The position of the plaintiff is that the obligation of the city did not stop with the levy of the special assessments and the requirement that the special assessments be paid into a special fund, but that, in addition, it was the duty of the city to collect the special assessments, and that, having failed to collect the assessments, they, in effect, failed to create the fund and the warrants then became a

general obligation of the city under the former holdings of this court.

A similar question was presented to this court in the case of *Daniels v. City of Gering*, 130 Neb. 443, 265 N. W. 416, and while in that case the question arose under a statute applicable to cities of the second class, the conclusion there reached is controlling in this case and the reasoning of that opinion is herein adopted.

Counsel for the city attempts to distinguish between the statute construed in *Daniels v. City of Gering, supra,* where the applicable provision read: "The entire cost of such sewers * * * shall be chargeable to the private property therein," etc., and the applicable provision of section 16-649, Comp. St. 1929, which reads: "Without cost to the city." There is no merit in the claim that this difference in wording is material. If the entire cost of the improvement is to be chargeable to the private property within the district, it would seem to follow that it would be without cost to the city.

As we view the matter, the sole question in this case is whether the defendant city did create a fund out of which the warrants in question would be paid.

This leads us to a consideration of what is meant by the term "create a fund." We find the answer in *Daniels v. City of Gering, supra,* where this court, after reciting that the property specially benefited and on which the special assessment had been levied had been sold for delinquent taxes under the scavenger act and that thereafter it became evident that the special taxes could never supply a fund from which to pay the warrants, used the following language: "As to the unpaid warrants involved here, the city had in fact created no fund." So, in the instant case, it is apparent from the evidence that the special taxes levied will never supply a fund from which to pay the warrants held by the plaintiff.

We hold that the obligation to create a fund imposed upon the city the duty, not only to levy the special assessments, but to make collection of the same, and it being ap-

parent that the special assessments will never supply a fund from which plaintiff's warrants can be paid, the city has failed in its duty to create a fund, and the judgment of the trial court is right and is

AFFIRMED.